IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| UNITED STATES, | ) | |
| Plaintiff-Respondent, | ) | 12 C 1842 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| | ) | |
| ALLEN ROBINSON, | ) | |
| Defendant-Petitioner | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Allen Robinson filed this *pro se* Motion to Vacate, *Set* Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255. Robinson alleges ineffective assistance of counsel claiming that his attorney failed to raise certain issues on appeal. For the following reasons, Robinson's Motion is denied.

## I. Background

On September 1, 2009, under the advice of counsel, Robinson entered into a blind guilty plea to one count of bank fraud pursuant to 18 U.S.C. § 1344, and three counts of wire fraud pursuant to 18 U.S.C. § 1341 as part of a large mortgage fraud scheme. *See United States v. Brown et al.*, 08 CR 452-10 (N.D. Ill. Sept. 1, 2009) (Case No. 08 CR 452-10, Doc. 156). Consistent with his plea, Robinson's sentence would be determined at a subsequent hearing following the submission by the parties of their views on the appropriate Sentencing Guidelines calculations. (Case No. 08 CR 452-10, Tr. 9/1/2009 P.M. pg. 11, 14).

At Robinson's sentencing hearing held on March 11, 2011, his attorney contested certain sentencing enhancements proposed by the United States and supported in the Probation Officer's report based on the number of victims that were reasonably foreseeable as a result of Robinson's actions and the sophisticated means by which Robinson participated in the scheme. (Case No. 08 CR 452-10, Doc. 608, Tr. 3/11/2011 P.M. pg. 6-8, 31).

At sentencing, this Court rejected Robinson's objections to the proposed enhancements, but credited his acceptance of responsibility, his efforts to assist law enforcement, and his expression of remorse for committing his crimes. (Case No. 08 CR 452-10, Doc. 608, Tr. 3/11/2011 P.M. pg. 43-48). After applying the enhancements and then taking into account the mitigating factors, the Court imposed a sentence of 60 months imprisonment on each count, to run concurrently – a deviation from the proposed sentencing Guidelines range of at least 18 months and potentially as high as three years. (Case No. 08 CR 452-10, Doc. 608, Tr. 3/11/2011 P.M. pg. 48) (the proposed sentencing Guidelines range after the Court's finding of enhancements was 78-97 months). At the conclusion of the sentencing hearing, Robinson was advised by the Court of his right to appeal his sentence within fourteen days of the entry of the Judgment and Commitment Order. (Case No. 08 CR 452-10, Doc. 608, Tr. 3/11/2011 P.M. pg. 49). The Judgment and Commitment Order was docketed on March 24, 2011. Robinson did not file a notice of

appeal within the following fourteen days, and therefore the judgment became final on April 7, 2011.

## II. The Legal Standard

Section 2255 allows a federal prisoner to move the district court that imposed his sentence to vacate it, set it aside or correct it. *See* 28 U.S.C. § 2255. Such a motion seeks "an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Relief may be granted "only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal citations and quotations omitted).

Due to the extraordinary nature of the requested remedy, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Thus, "[o]nly when the district court has determined that the § 2255 motion ought not be dismissed at that early stage does the district court have occasion to determine whether an evidentiary hearing is required." *Almonacid*, 476 F.3d at 521 (citing Rule 8(a) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*).

Pursuant to 28 U.S.C. § 2241, why are we jumping to 2241? Did he file a 225 or a 2241? If he brought a 2241, then it must be analyzed under that statute a prisoner claiming that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States" may petition the court for a writ of habeas corpus. *See* 28 U.S.C. § 2241(c)(3). A prisoner's right to bring a § 2241 petition to attack a conviction or sentence is limited. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). In general, § 2255 is the "exclusive means for a federal prisoner to attack his conviction" and a prisoner may only "proceed under § 2241. . . in those cases where § 2255 is 'inadequate or ineffective to test the legality of [the] detention.'" *Id*. (quoting 28 U.S.C. § 2255(e)).

## III. Discussion

Robinson's Motion and the supporting memoranda he submitted to this Court claims ineffective assistance of counsel in violation of the Sixth Amendment. To prevail, Robinson must demonstrate: "(1) that his attorney's performance fell below an objective standard of reasonableness and (2) that the attorney's deficient performance prejudiced the defendant such that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McDowell v. Kingston*, 497 F.3d 757, 761 (7th Cir. 2007) (citing *Strickland v. Washington*, 466 U.S. 688 (1984)) (internal quotations omitted).

Robinson identifies two alleged errors in his representation. First, he claims that his attorney failed to file a notice of appeal following his sentencing on March 11, 2011 and did not consult with him regarding what his views were regarding potential avenues for appeal. Robinson also alleges that his attorney failed to adequately challenge the two sentencing enhancements that the Court applied at the time of sentencing: the number of victims enhancement and the sophisticated means enhancement.

With regard to his failure to appeal, although he now alleges that there were "several" issues warranting an appeal, Robinson has failed to demonstrate that he clearly instructed his attorney to pursue these avenues before the judgment became final. In his own pleadings, Robinson undermines his argument because he states that his attorney "advised him not to appeal." (Doc. 11, pg. 5.) Of course, if his attorney advised him not to appeal, Robinson cannot now claim that he never consulted with Robinson about the appeal. Clearly by his own admission, a discussion took place regarding whether to appeal, and his attorney advised against it. In an affidavit submitted by the government, Robinson's attorney confirms that he and Robinson discussed the possibility of appeal following Robinson's sentence. Robinson's attorney states that, following the sentencing, he "talked to Robinson outside the courtroom and advised him about his right to appeal within 14 days." (Doc. 9-1, Affidavit of John Lyke, ¶ 10). He states further that Robinson "told me that he wanted to think about it and would call me and let me know whether he

wanted to appeal." (*Id*.) Based on Robinson's representations and his subsequent failure to contact his attorney regarding an appeal, his attorney did not file a notice of appeal within the requisite 14 days. (*Id*.) After the judgment became final, Robinson did request that his attorney file a motion to extend his surrender date, which was subsequently granted by this Court. (Case No. 08 CR 452-10, Doc. 521) (Doc. 9-1, Affidavit of John Lyke, ¶ 11). This continued work on behalf of his client clearly suggests that the Petitioner's attorney did not "abandon" him following his sentencing.

Further, even granting the Petitioner's disputed contention that his attorney failed to consult with him regarding his right to appeal his sentence, Robinson has not presented any evidence of ineffective assistance of counsel. An attorney's failure to consult with his client regarding the availability of an appeal amounts to a deficient performance only where: "(1) a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) [the] particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Bednarski v. United States*, 481 F.3d 530, 536 (7th Cir. 2007) (citing *Roe v. Flores-Ortega*, 528 U.S. 470 (2000)). Again, Robinson has not presented evidence that he reasonably demonstrated his interest in appealing his sentence prior to the date on which this Court's judgment became final. Likewise, Robinson has not presented evidence that his attorney exercised poor professional judgment in failing to pursue an appeal. On the contrary, the record

demonstrates that Robinson's attorney pursued a successful strategy to minimize the term of Robinson's imprisonment.

In his sentencing memorandum, Robinson initially contested the number of transactions at issue in his plea and the loss amount associated with his crimes. (Case No. 08 CR 452-10, Doc. 434). Prior to the sentencing hearing, however, Robinson's attorney correctly recognized that this strategy presented a significant risk. In particular, challenging enhancements that were supported factually by the record, imposed against the majority of defendants in a multi-defendant conspiracy and supported by the law would have undermined his ability to demonstrate true acceptance of responsibility. *See U.S. v. Gordon*, 495 F.3d 427, 433 (7th Cir. 2007) (district court did not err in finding that defendant did not qualify for a sentencing Guidelines offense reduction for acceptance of responsibility; although defendant pleaded guilty, he frivolously contested the loss amount associated with his crime). A defendant who pleads guilty prior to trial is not entitled to an adjustment for acceptance of responsibility as a matter of right. *See Id.* (citing U.S.S.G. § 3E1.1 cmt. n. 3). The burden to establish that a reduction is warranted rests on the defendant. *See United States v. Akindele*, 84 F.3d 948, 956 (7th Cir. 1996). A defendant who falsely denies, or frivolously contests, relevant conduct in the face of convincing evidence to the contrary is not entitled to a reduction in his sentence for acceptance of responsibility. *See U.S. v. Romero*, 469 F.3d 1139, 1149 (7th Cir. 2006); *U.S. v. Zehm*, 217 F.3d 506, 515-516

(7th Cir. 2000). With this in mind, Robinson's attorney advised his client to stipulate to the loss amount, while maintaining his challenge to enhancements based on the number of foreseeable victims and the sophisticated nature of Robinson's conduct.

As noted above, this strategy was ultimately successful, and Robinson has presented no evidence that a rational defendant would seek an appeal of his sentence. In the end, the Court imposed a sentence far below the advisory sentencing Guidelines range. The 60-month sentence for each count—which will run concurrently—was a significant variance from the advisory sentencing Guidelines range of 78 to 97 months for each count. (Case No. 08 CR 452-10, Doc. 608, Tr. 3/11/2011 P.M. pg. 34, 48.) Had Robinson successfully challenged the loss amount, he would have reduced his Guidelines calculation by four points. (Case No. 08 CR 452-10, Doc. 434). However, in so doing, Robinson likely would have undermined his ability to demonstrate true acceptance of responsibility. This acceptance not only reduced his actual Guidelines calculation by three points, but also served as a primary justification for the Court's imposition of a below-Guidelines sentence. (Case No. 08 CR 452-10, Doc. 608, Tr. 3/11/2011 P.M. pg. 34, 47.) Moreover, even in the unlikely event that Robinson successfully disputed the loss amount while maintaining his acceptance of responsibility, Robinson has failed to demonstrate that he was prejudiced as a result of his attorney's chosen strategy. Robinson's sentence was based on a Guidelines offense level of 28. Had he successfully challenged the loss amount while maintaining his

acceptance of responsibility, his offense level would have been 24, with an advisory sentencing Guidelines range of 51 to 63 months. *See* U.S.S.G. § 5A. Thus, the record submitted by Robinson does not support the contention that a rational defendant in a similar situation would surely seek an appeal. *See Bednarski*, 481 F.3d at 535. For these reasons, the Petitioner's Motion does demonstrate that his attorney's performance fell below an objective standard of reasonableness.

Robinson's further argument, that his attorney failed to dispute effectively the number of foreseeable victims advanced by the government during the course of his sentencing and likewise failed to prepare a factual dispute regarding the sophisticated means enhancement to Robinson's sentence, is also belied by the record. Both the affidavit submitted by Robinson's attorney and the record indicate that Robinson was aware prior to entering his plea that he would ultimately have the opportunity to dispute a number of the sentencing enhancements advanced by the United States at his sentencing hearing. (Case No. 08 CR 452-10, Tr. 9/1/2009 P.M. pg. 11, 14) (Doc. 9-1, Affidavit of John Lyke, ¶ 4). Following discussions with his client, Robinson's attorney objected to each of the issues the petitioner now raises, both by filing a sentencing position paper and through oral argument at the sentencing hearing that was held on March 11, 2011. (Case No. 08 CR 452-10, Doc. 434; Doc. 608, Tr. 3/11/2011 P.M. pg. 7-8); (Doc. 9-1, Affidavit of John Lyke, ¶¶ 6-8).

Although this Court ultimately rejected Robinson's arguments regarding the enhancements to his sentence, the record reflects his attorney's reasonable efforts to advocate on his behalf. In particular, despite Robinson's argument to the contrary, this Court made particularized findings regarding the proposed enhancements before imposing Robinson's sentence. (Case No. 08 CR 452-10, Doc. 434; Doc. 608, Tr. 3/11/2011 P.M. pg. 30-32) In short, despite his attorney's good faith efforts, this Court concluded that Robinson's personal role in finalizing thirty fraudulent mortgages raised a reasonable foreseeability that his actions furthered a scheme to defraud more than ten lenders through sophisticated means.

When considering claims of ineffective assistance of counsel, the court has long afforded "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. With this in mind, the Court "will look askance when appellate counsel raise these kinds of claims without any support in the record." *United States v. Weaver*, 882 F.2d 1128, 1137 (7th Cir. 1989). Here, the record does not support Robinson's assertion that his attorney neglected his duty to consult with his client on important decisions. Instead, Robinson's assertion that his attorney failed to dispute both the number of foreseeable victims advanced by the government and the extent of his role in the underlying scheme is directly contradicted by the record. Therefore, Robinson's unsupported claims regarding his attorney's performance may not serve as a

basis for his claim of ineffective assistance. *See U.S. v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001) ("But [the Petitioner] has one fatal problem, which follows him throughout our analysis [of his ineffective assistance of counsel claim]: [he] has no credible evidence, only his own unsupported allegations, which are inadequate. In addition to presenting no credible evidence to support his allegations, the record contradicts him at almost every turn.")

"The benchmark for judging any claim to ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceedings] cannot be relied on as having produce a just result." *Strickland*, 466 U.S. at 686. Despite Robinson's allegations, the record reflects that his attorney directly contested the government's position regarding the advisory Guidelines calculation of his sentence. As noted above, far from undermining the adversarial process, his attorney's efforts resulted in a sentence below the advisory Sentencing Guidelines range. Because his attorney clearly advocated Robinson's position regarding the terms of his imprisonment following the entry of his plea, and because Robinson has presented no evidence that his attorney failed to adhere to a reasonable standard of conduct in failing to appeal Robinson's sentence, the Petitioner's claim of ineffective assistance of counsel fails.

Robinson is also not entitled to a hearing on the basis of his initial § 2255 Motion. If on its merits "it plainly appears from the motion, any attached exhibits, and the record

of prior proceedings that the moving party is not entitled to relief," an evidentiary hearing is not required. Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Here, *it does* appear from the Motion, the attached exhibits, and the record of the prior proceedings that the Petitioner is not entitled to relief. Therefore, the Court need not conduct a hearing on Robinson's § 2255 Motion. *See Lafuente v. United States*, 617 F.3d 944, 946 (7th Cir. 2010) (citing 28 U.S.C. § 2255(b); *Cooper v. United States*, 378 F.3d 638, 641-42 (7th Cir. 2004)).

Unless this Court issues a certificate of appealability, an appeal may not be taken to the United States Court of Appeals from this Court's judgment in a § 2255 proceeding. *See* 28 U.S.C. § 2253(c); *see also Buie v. McAdory*, 322 F.3d 980, 981 (7th Cir. 2003). Courts may only grant a certificate of appealability when the petitioner has presented "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Gonzalez v. Thurmer*, 132 S.Ct. 641, 649 n.5 (2012). A substantial showing of the denial of a constitutional rights requires the petitioner to show that reasonable jurists could find room to debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to entitle the petitioner to proceed further with his claims. *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 and n.4 (1983)). Because Robinson's ineffective assistance claim is denied on the merits, to obtain a certificate of appealability Robinson must demonstrate that reasonable jurists

would find this Court's assessment of the constitutional claims either debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack*, 529 U.S. at 484). Robinson has not made such a showing here, and the Court concludes that reasonable jurists could not find room to debate its ruling on the constitutional merits of Robinson's ineffective assistance of counsel claim. Thus, because Robinson has failed to make a substantial showing of the denial of a constitutional right this Court must therefore deny Robinson a certificate of appealability for the claims raised in his § 2255 Motion. *See* 28 U.S.C. § 2253(c)(2); *see also Gonzalez v. Thurmer*, 132 S.Ct. at 649 n.5. The decision of whether or not to grant a certificate of appealability is a screening device used to conserve judicial resources and prevent the Courts of Appeals from being overly burdened with unmeritorious petitions to vacate, set aside, or correct a sentence pursuant to § 2255. *See Young v. U.S.*, 124 F.3d 794, 799 (7th Cir. 1997). Therefore this Court will not issue a certificate of appealability.

## V. Conclusion

Robinson's Motion for relief pursuant to 28 U.S.C. § 2255 is denied and he is denied a certificate of appealability.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: August 28, 2012